O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| ELITE PROPERTY MANAGEMENT, LLC, trustee of the Santa Barbara Trust #7251<br><br>         Plaintiff,<br>    v.<br><br>JOHN O. HOPKINS and DOES 1-10, inclusive,<br><br>         Defendants. | Case No. 5:14-cv-00306-ODW(SPx)<br><br>**ORDER REMANDING CASE TO SAN BERNARDINO COUNTY SUPERIOR COURT** |

On February 19, 2014, Defendant John Hopkins removed this state-law, unlawful-detainer action to this Court, ostensibly invoking federal-question jurisdiction under 28 U.S.C. § 1331. But since any federal defense Defendants might have—such as the Protecting Tenants at Foreclosure Act—cannot, as a matter of law, establish federal jurisdiction, the Court **REMANDS** this action back to San Bernardino County Superior Court, case number UDFS 1306211.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a case to federal court only if the federal

court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). But courts strictly construe the removal statute against removal jurisdiction, and federal "jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331 or diversity of citizenship under 28 U.S.C. § 1332. To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000, usually exclusive of interest and costs. 28 U.S.C. § 1332(a).

Defendant contends in his Notice of Removal that the Protecting Tenants at Foreclosure Act establishes a federal-jurisdictional basis for their removal. But it is axiomatic that a federal defense will not support federal subject-matter jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009) ("It is settled law that a case may not be removed to federal court on the basis of a federal defense." (internal quotation marks omitted)); *see also* 28 U.S.C. § 1441(a) (allowing removal only where the district court would have had original jurisdiction).

And neither does an unlawful-detainer action give rise to a federal question. *Galileo Fin. v. Miin Sun Park*, No. 09-1660, 2009 WL 3157411, at *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists.").

Furthermore, Defendant makes no allegations regarding diversity jurisdiction over this matter, and the Court finds no basis for diversity jurisdiction upon review of the Complaint and Notice of Removal.

/ / /

1  The Court understands that Defendant feels aggrieved by the unlawful-detainer
2  process.  But this Court has only limited jurisdiction—jurisdiction which can never, as
3  a matter of law, reach the federal defenses in this removed action.  Rather, Defendant
4  may raise those defenses, if any, before the San Bernardino County Superior Court.

5  The Court finds once again that it lacks federal subject-matter jurisdiction and
6  **REMANDS** this action to San Bernardino County Superior Court, case number
7  UDFS 1306211.  The Clerk of Court shall close this case.

9  **IT IS SO ORDERED.**

11  February 21, 2014

13  _____
14  **OTIS D. WRIGHT, II**
    **UNITED STATES DISTRICT JUDGE**